## CHARLES EDWARDS *vs.* PIERPONT EDWARDS.

The petitioner and respondent, who were brothers, purchased a farm in 1833, which was paid for principally by their father, who invested therein all his property, the petitioner paying nothing and the respondent but a small sum. The deed was taken to them jointly and they were to occupy together and jointly support their father. In 1839 the petitioner, having become embarrassed, conveyed his title to his father and removed from the premises, and the respondent

assumed the sole charge of the father's support, until the death of the latter in 1846. After this the respondent continued in exclusive possession until 1857, when, wishing to sell the farm, he applied to the petitioner for a release of his interest as heir, which the latter gave, no agreement being made either to reconvey or account for the proceeds of the sale. The sale not having been effected the respondent continued in exclusive possession until 1862, when the petitioner brought a bill in equity, to compel him to reconvey the interest conveyed to him in 1857, or account for its value. Held, that the petitioner was not entitled to the relief sought.

BILL in equity. The case is sufficiently stated in the opinion.

*Sedgwick* and *Graves*, with whom was *Chittenden*, for the petitioner.

*Andrews*, for the respondent.

McCURDY, J. In this case the finding of the committee negates all the principal averments both of the petition and cross-bill, upon the supposed truth of which relief is demanded by the respective parties.

It appears that in the year 1833 a farm was bought by the petitioner and respondent, who were brothers, and the deed was taken in their joint names. But of the purchase money the former paid nothing, the latter a small part only, and the balance was supplied by their father, who thus invested all his property. In consideration of this it was understood between them that the sons should furnish their parents a comfortable support through life. In 1839 the petitioner, having become so much embarrassed that it was doubtful whether he would be able to perform his part of the agreement, conveyed his legal title to his father, (who really had the beneficial interest,) and removed from the premises. Thereupon the respondent alone assumed the duty of support, and continued to discharge it until the father's death in 1846, the trouble and care, especially during part of the time, being very great. As a matter of course he held the sole possession and enjoyed the whole use of the property which had been intended to be onerated with the charge. He continued in this occupation, evidently upon

the supposition of both parties that he was equitably entitled to his father's interest, down to the year 1857, when, wishing to obtain also the legal title to that part preparatory to a disposal of the whole, he called upon his brother for a quit-claim of his nominal right as heir at law. This the petitioner gave at once, without asking or being promised any remuneration. The respondent not having effected the intended sale has ever since remained in the same use and enjoyment.

. From this brief statement of the facts it is apparent that the estate has been applied to the purpose for which it was originally intended. We are not aware of any principles con nected with a want of consideration, or an implied promise, or a resulting trust, which are applicable here. And it would be a singular proceeding for a court of equity to interfere with a family arrangement, made by these brothers in good faith, and observed during so long a period until they had become estranged, and to defeat a title established by deed and by possession, as well as sanctioned by its intrinsic justice.

The claims of the parties arising from the partnership, having been abandoned at the hearing, are not before the court. And the petitioner's statement of his motives in assenting to the acts recited, can have no bearing on the decision.

It is said however by the petitioner that the committee exceeded their power in finding an agreement to support the father. The petitioner avers that on his father's death he became entitled in law and equity to a share of the estate in consequence of the condition and circumstances under which he made the conveyance to his father. This opens the whole question of the nature and object of the transaction between he parties. And further it does not appear that any exception to the evidence or the investigation was taken at the hearing.

We advise that the petition and cross-bill be dismissed.

In this opinion the other judges concurred.